UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE CARE, S.C., an Illinois Corporation,<br>    Plaintiff,<br>v.<br>MARK E. SINGER, et al.,<br>    Defendants. | No. 11 C 8252<br>Senior U. S. District Court Judge<br>George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

On November 1, 2010, plaintiff Progressive Care, S.C. (Progressive Care) filed an action bringing various equitable claims against defendant Mark E. Singer (Singer) in the Circuit Court of Cook County, Illinois (Singer Action). On December 29, 2010, plaintiff filed a separate action against defendant accounting firm BrookWeiner L.L.C. in the Circuit Court of Cook County, Illinois (BrookWeiner Action). On May 5, 2011, the Circuit Court ordered that the Singer and BrookWeiner Actions "are hereby consolidated and shall proceed in Case No. 2010 L 14737 before Judge Sonjay Tailor." On November 10, 2011, plaintiff filed its Second Amended Verified Complaint (RICO Complaint), which for the first time alleged that defendant Singer had violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* On November 18, 2011, invoking jurisdiction under 28 U.S.C § 1331, defendant Singer timely removed the consolidated action to this court pursuant to 28 U.S.C. § 1441(a). Plaintiff has moved to have this case remanded to state court. 28 U.S.C §1447(c).

It is incumbent upon a defendant removing a state court action to federal court to include "a short and plain statement of the grounds for removal" in the notice of removal. 28 U.S.C § 1446(a). The party seeking removal to federal court bears the burden of demonstrating that

removal is proper. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants adequately explain the justified absence of the missing defendant. *Northern Illinois Gas Company v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir. 1982).

Plaintiff contends that defendant Singer's Notice of Removal was defective because Singer did not have the written consent of all served defendants in the consolidated action. In response, Singer argues that because plaintiff named Singer as the sole defendant in its RICO Complaint, that complaint, and only that complaint, was properly removed to this court regardless of the fact that Singer failed to obtain the consent of all defendants named in the consolidated action.

Section 1441(a) of Title 28 of the U.S. Code states:

(a) Except as otherwise expressly provided by Act of Congress, any civil *action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C § 1441(a)(emphasis added)(*See e.g. Cleary v. Phillip Morris, Inc.*, 656 F.3d 511, 515 (7th Cir. 2011)(holding it is the action, not a claim a against a particular defendant, that is removable)).

Thus, this Court must determine what constituted the action on the date of removal. Because federal procedure does not apply until removal occurs, *see Fed. R. C. Pro.* 81(c), this Court applies state rules to pre-removal conduct. *Price v. Wyeth Holdings Corp.,* 505 F.3d 624,

628 (7th Cir. 2007). Under Illinois law:

> Consolidation has three different applications: (1) where several actions are pending involving substantially the same subject matter, the court may stay proceedings in all but one and see whether the disposition of the one action may settle the others, thereby avoiding multiple trials on the same issue; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tried together, but with separate docket entries, verdicts, and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending that might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of in one suit.

*Ad-Ex, Inc. v. City of Chicago,* 247 Ill.App.3d 97, 102-103, 187 Ill.Dec. 125, 129, 617 N.E.2d 333, 337 (1993).

The consolidation order did not stay proceedings in all but one action in the hopes disposition of one action may settle the others. Further, the consolidation order did not limit consolidation to a joint trial and it did not maintain separate docket entries. Rather, the consolidation order stated that the pending actions "are hereby consolidated and shall proceed in Case No. 2010 L 14737 before Judge Sonjay Tailor." The BrookWeiner and Singer actions thereby lost their individual identities and were merged into one action to be disposed of in one suit.

Accordingly, Singer's argument that removal was proper because plaintiff named a single defendant in its RICO Complaint is incorrect. It is uncontested that BrookWeiner is a properly served defendant in the consolidated action. It is further uncontested that Singer has not communicated BrookWeiner's consent to removal to this Court and that Singer has not explained the absence of such consent. Thus, Singer's notice of removal is deficient because of the failure

3

11 C 8252

of BrookWeiner to consent to such removal in writing.

**ORDERED:** Plaintiff Progressive Care, S.C.'s Amended Motion to Remand [18] is granted. This action is remanded to the Circuit Court of Cook County.

.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated:  February 10, 2012